IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | § |
| | § |
| V. | §   No. 3:93-cr-277-N (01) |
| | § |
| KEVIN ARWIN HOUSTON | § |
| (BOP Register No. 25012-077), | § |
| | § |
| Defendant. | § |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Defendant Kevin Houston, a federal prisoner, filed *pro se* a Motion for Consideration of Rehabilitation and for Time Served [Dkt. No. 148] (the "Motion").

United States District Judge David C. Godbey referred the Motion to the undersigned United States magistrate judge for findings and recommendation under 28 U.S.C. § 636(b). *See* Dkt. No. 149.

The undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should deny the Motion.

**Applicable Background**

As explained in a previous decision of the Court, denying Houston's initial 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence,

> [o]n February 9, 1994, a jury found [Houston] guilty of charges pending against him. In a judgment entered April 7, 1994, the District Court sentenced him to 78 months imprisonment on one count and 60 months imprisonment on a second count to be served consecutively. On April 25, 1994, [Houston] filed a notice of appeal. In March 1995, the Fifth Circuit Court of Appeals dismissed his appeal.

*Houston v. United States*, No. 3:02-cv-1338-H, 2002 WL 31422975, at *1 (N.D. Tex. Sept. 27, 2002).

Houston now explains in the Motion that he "served 23.5 years in State Prison before being paroled to begin to serve his Federal Sentence: Should [he] serve his remaining 138 months he will have served over 33 years in prison." Dkt. No. 148 at 1. As such, citing Amendment 787 to the United States Sentencing Guidelines – which he characterizes as "afford[ing] Federal Judges the authority and discretion to run a State Sentence Concurrent with a Federal Sentence and/or order time served" – he requests that the Court "take under full consideration that in November of 1992, at the young age of 19, he began his term of imprisonment. Now, at the age of 46, [he] has been fully rehabilitated, as shown by supporting documentation." *Id.* at 2; *see also id.* ("Houston requests that the Honorable Court review the attachments hereto, before making it's final determination on this plea for leniency. As well as contact the staff within the Bureau of Prisons and Texas Department of Criminal Justice as to his progress within these prisons systems.").

## Legal Standards and Analysis

"A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization. Methods of altering a sentence after it has been entered include a direct appeal, a collateral attack under 28 U.S.C. §§ 2241 or 2255, a motion under 18 U.S.C. § 3582(c), and a motion under Federal Rule of Criminal Procedure 36." *United States v. Hernandez*, No. 3:08-cr-268-B (03), 2016 WL 1039540, at *2 (N.D. Tex. Feb. 19, 2016) (quoting *United States v. Martinez*, No. 1:09-cr-74 TS, 2014 WL 2515315 (D. Utah June 4, 2014)), *rec. accepted*, 2016 WL 1028236 (N.D. Tex. Mar. 15, 2016).

The statutory authorization apparent through the Motion is Section 3582(c)(2),

which "permits the discretionary modification of a defendant's sentence 'in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to' the Sentencing Commission's changes to the guidelines." *United States v. Benton*, 546 F. App'x 365, 367 (5th Cir. 2013) (quoting 18 U.S.C. § 3582(c)(2)).

As background, the United States Supreme Court held in *Setser v. United States*, 566 U.S. 231 (2012), that a district court may order that a federal sentence be consecutive to an anticipated state sentence that has not yet been imposed. *See, e.g., United States v. Lynn*, 912 F.3d 212, 216-17 (4th Cir. 2019) ("In *Setser*, noting that sentencing judges 'have discretion to select whether the sentences they impose will run concurrently or consecutively with respect to other sentences that they impose, or that have been imposed in other proceedings,' the [Supreme] Court held that 18 U.S.C. § 3584(a) allows judges to impose a federal sentence concurrently or consecutively to an anticipated, but unimposed, state sentence." (citations omitted)).

The Sentencing Commission added Amendment 787 following *Sester*, and it became effective November 1, 2014.

> In Amendment 787, the Sentencing Commission determined that the concurrent sentence benefits of USSG § 5G1.3 "should be available not only in cases in which the state sentence has already been imposed at the time of federal sentencing (as subsection (b) provides), but also in cases in which the state sentence is anticipated but has not yet been imposed, as long as the other criteria in subsection (b) are satisfied ...."

*United States v. Rodriguez*, 712 F. App'x 281, 282 (4th Cir. 2018) (per curiam) (citation omitted).

"The applicable guidelines policy statement, U.S.S.G. § 1B1.10, limits the

circumstances under which a defendant is entitled to a § 3582(c)(2) sentence reduction." *Benton*, 546 F. App'x at 367 (citing U.S.S.G. § 1B1.10, cmt. 1.1); *cf. id.* at 368 ("A reduction must ... be consistent with the Sentencing Commission's applicable policy statements." (citation omitted)).

> Application Note 1 to U.S.S.G. § 1B1.10 makes it clear that "[e]ligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered *only by an amendment listed in [U.S.S.G. § 1B1.10(d)]* that lowers the guideline range." *Id.*, comment. (n.1) (emphasis added). Accordingly, construing this interplay between § 3582(c)(2) and U.S.S.G. § 1B1.10, [the United States Court of Appeals for the Fifth Circuit] held that "§ 3582(c)(2) applies only to amendments to the Guidelines that operate retroactively, as set forth in the Guidelines policy statement, U.S.S.G. § 1B1.10(d)." *United States v. Whitebird*, 55 F.3d 1007, 1009 (5th Cir. 1995) (citing *United States v. Miller*, 903 F.2d 341, 349 (5th Cir. 1990)). Thus, if an amendment is not specifically listed in U.S.S.G. § 1B1.10[(d)], a reduction of sentence under § 3582(c)(2) is not consistent with the Sentencing Commission's policy statement.

*United States v. Drath*, 89 F.3d 216, 218 (5th Cir. 1996) (citation, footnote, and original brackets omitted).

Amendment 787 is not listed in Section 1B1.10(d). For this reason alone, the Court should deny the Motion. *See, e.g., United States v. Conley*, 777 F.3d 910, 914 (7th Cir. 2015) ("Because Conley was sentenced prior to November of 2014, [Amendment 787] does not apply to him. *See* U.S.S.G. § 1B1.11(a) (stating that the 'court shall use the Guidelines Manual in effect on the date that the defendant is sentenced.')."); *United States v. Truong*, No. 2:06-CR-487-KJM, 2017 WL 3438587, at *1 (E.D. Cal. Aug. 10, 2017) ("Although Amendment 787 provides a mechanism by which a federal court may base its sentence on anticipated state-level charges, the court explained the Amendment went into effect on November 1, 2014, was not retroactive, and did not apply to Truong's sentencing in October 2008." (citation omitted)).

Further, to the extent that Houston requests that the Court consider his post-sentencing rehabilitation as a basis to reduce or his sentence, *see* Dkt. No. 148 at 2, he appears to be invoking *Pepper v. United States*, 562 U.S. 476 (2011). But "the holding in *Pepper* applied to the consideration of post-sentencing rehabilitation when resentencing after a defendant's sentence had been vacated on appeal, not on a motion to reduce a sentence under § 3582(c)(2)." *United States v. Perez*, 670 F. App'x 257, 258-59 (5th Cir. 2016) (per curiam) (citing *Pepper*, 562 U.S. at 490; *United States v. Harris*, 643 F. App'x 340, 341-42 (5th Cir. 2016) (per curiam)).

## Recommendation

The Court should deny Defendant Kevin Houston's *pro se* Motion for Consideration of Rehabilitation and for Time Served [Dkt. No. 148].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b); FED. R. CRIM. P. 59. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d

1415, 1417 (5th Cir. 1996).

    DATED: May 1, 2019

 

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE